■  In the Matter of the Claim of LAWRENCE H. EHRENSAL, Respondent, against NEW YORK STATE DIVISION OF EMPLOYMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from a decision and award of the Workmen's Compensation Board. It was found by the board, one member dissenting, that disability resulted from a coronary infarction caused by unusual exertion and strain in claimant's work as manager in charge of a State Unemployment Insurance field office. The finding of strain and exertion was predicated upon claimant's testimony that on the day preceding the disabling attack his office was understaffed, people formed lines while awaiting service and complained and "raised ruckuses", so that claimant was obliged to shift and reassign his staff and to interview persons complaining of the delays to which they were being subjected. He became "emotionally upset" and, following an interview with an individual who indulged in some verbal abuse and was ejected by a policeman, felt "washed out" and experienced pressure on his chest. He said, however, "None of the work I did was different, just that it was perhaps more trying, because it required a lot of shifting of staff and things of that sort". The following day the work was more nearly normal and no untoward incident occurred but he was "really washed out from the previous day" and "continued to feel a little bad". That evening, while at home, he sustained the disabling heart attack which the board found, upon conflicting medical evidence, to be related to the strain and unusual exertion of his work. There appears to be no evidence of any strain or undue exertion of a physical nature and in fact neither is thus characterized by the board. It is interesting to note that the referee found the precipitant to be an "emotional disturbance". We find in this record no substantial evidence supporting the board's finding of accidental injury. There may, indeed, have been an increase in the tension of claimant's administrative work which might, under the medical proof here, be related to the disabling attack suffered by claimant at home. We deem that proof insufficient to establish an accident. (*Matter of Lesnik* v. *National Carloading Corp.*, 285 App. Div. 649, affd. 309 N. Y. 958). There was no medical evidence to support the theory that the incident of the abusive visitor whom the policeman ejected had some physical or emotional effect upon claimant which was causative of his later heart attack. Decision and award reversed, with costs to appellants

against respondent Workmen's Compensation Board, and matter remitted to the Board. Foster, P. J., Bergan Halpern, Zeller and Gibson, JJ. concur.